EASTERN DIS.
*March*, 1834.

DUPLESSIS
*vs.*
KENNEDY
ET ALS.

6L 23̄1
48 176

· DUPLESSIS *vs.* KENNEDY ET ALS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Unless the ground of objection to the testimony of a witness admitted in evidence on the trial, be stated in the bill of exceptions, the Supreme Court cannot examine the objection.

It is not sufficient to object generally, that the evidence is not the best, it must be shown, either from the nature of the fact to be proved, or otherwise that there is better evidence behind in the power of the party.

Testimonial evidence to prove the age of a person is admissible, unless it is first shown that there exists a record of births, or other written evidence.

When the judgment of the inferior court was not given on the question of fact, contested by the pleadings, and this is not complained of by the parties, the Supreme Court will not examine the correctness of a decision of the judge *a quo*, rejecting the deposition of a witness.

Whenever property is acquired by the effect of obligations, those obligations except such as are created by operation of law, result from the agreement of parties, which is essentially a contract.

If the donor alone appear before the notary and sign the act of donation, it is not null for want of form.

The words "must accept" in the 1533d article of the *Louisiana Code*, are not prohibitory so as to import a nullity if contravened, nor is the pain of nullity expressly declared.

Any form of expression, which shows that the parties understood each other as to the thing given, and the conditions and charges annexed to the donation, is sufficient.

A minor above the age of puberty, may even without the concurrence of a curator, better his condition by accepting a donation.

The principles relating to a substitution, apply equally whether the substitution results from the terms used in creating the donation, or under the disguise

EASTERN DIS.
*March*, 1834.

DUPLESSIS
*vs.*
KENNEDY
ET ALS.

of a stipulated return ; and if there lurks a real substitution in the condition of return as expressed by the parties, its absolute nullity must be declared.

If while the donor stipulates a return to himself, he stipulates it in favor of another at the same time, and yet not in terms importing essentially a substitution, the stipulation of return to himself may subsist, and that part only be declared null, which contravenes the prohibition of the Code.

The plaintiff avers that in 1829, her brother William Carr Withers died, leaving his last will by which he bequeathed all his estate, real and personal, in equal portions to her, to Sarah Ann Withers, her sister, and to Margaret Delia Withers, his wife. That the testator owned a lot of ground situated in the suburb Delor of the city of New-Orleans, containing one hundred and eighty feet in front on the Mississippi river extending backward and forming the like front on New Levee-street, bounded on the upper side by a street which is the prolongation of Suzette-street, and on the lower side by the property then, or previously, belonging to the succession of Urbain Gaiennié, in front by the river and in the rear by the said New Levee-street.

She further averred that after the death of her said brother, the said Sarah Ann Withers took possession of the whole of said lot of ground, and claimed to be sole owner thereof in virtue of an act, purporting to be one of donation *inter vivos*, executed to her by their said brother, before G. R. Strigner, notary public, on the 14th day of June, 1828.

That the said act was null and void, and conveyed no title to said Sarah in and to said lot of ground because:

1. Said donation has not been duly accepted. That said Sarah was, at the time the said act was passed, a minor above the age of puberty, and should have accepted the same, by the assistance and authorisation of a curator which she did not.

2. Because the said act contains a substitution. That since the death of her said brother, said Sarah Ann Withers has executed an act of donation of one half of said lot to the said Margaret Delia, the widow of your petitioner's said

EASTERN DIS.
*March,* 1834.

DUPLESSIS
*vs.*
KENNEDY
ET ALS.

brother, who is now in possession, and claims to be the owner of said half in virtue of said act.

She prayed that said Sarah Ann Withers, now wife of Joseph M. Kennedy, and said Kennedy her husband, and Margaret Delia, married to Sosthène Allain, and said Allain her husband be cited, that said pretended acts of donation be declared null and void, that said lot of ground be decreed to belong to the estate of said William C. Withers, and one third thereof to her, as one of his heirs.

Mrs. Allain and her husband, excepted that their domicil was in the parish of Point Coupee, and that they could be sued only in that parish. This exception was overruled.

Mrs. Kennedy pleaded the general denial. In an amended answer she alleged, that she had been at great expense for several improvements she had made on the said tract of ground, which she had possessed and then possesses in good faith; she contends that in no case can she be dispossessed of the said premises, without thoes expenses being first reimbursed to her, maintaining however, that the plaintiff has no right nor title to the said tract of ground, nor to any part thereof.

The will of W. C. Withers, was in the following words: "New-Orleans, July the 16th, 1823. I, W. C. Withers, cf the city of New-Orleans, do make this my olographic will as follows, to wit:

1. I do bequeath to my wife, Margaret Delia Withers, one third part of my whole estate.

2. I also bequeath to my sister Sarah Ann Withers, one third part.

3. I also bequeath to my sister, Margaret Withers, one third part of my whole estate, and finally, I do by these presents, appoint my wife, Margaret Delia Withers, and Martin Gordon, and Thomas S. Kennedy, my executors, and they are hereby empowered and authorised to make an inventory, and take full po·session of all my estate, without the intervention of any court of judication in this or any other state in the union."

It was admitted, that this will had been admitted to probate, and its execution ordered.

The act of W. C. Withers, was passed on the 14th of June, 1823, and by it he gave, granted and conveyed, "unto his said sister Sarah Ann Withers, present and accepting, and to her heirs, all that lot of ground on the batture of the suburb Delor, &c." The description corresponded to that of the lot described in the petition. "To have and to hold the said lot of ground and premises, with the appurtenances unto the said Sarah Ann Withers, her heirs and assigns, by title of donation *inter vivos*, upon this condition: that if the said Sarah Ann Withers shall die without leaving children, living at the time of her decease, that then in that case, the said lot of ground and premises shall revert to, and become the property of the said William Carr Withers, and his heirs, as if the donation had never been made; but it is hereby declared and understood, that the said lot of ground and premises, and all improvements that may be hereinafter made thereon, or any part thereof may be sold and disposed of by the said donee, Sarah Ann Withers, during her life time, with the consent and concurrence of the said William Carr Withers, the donor, and that any person or persons purchasing the same or any part or parts thereof, shall and may have and enjoy the same under perfect title, free from the condition aforesaid, on the concurrence of the said donor, William Carr Withers, being expressed or given by joining in any act or acts of sale of the same premises, or any part or parts thereof."

On the 7th of November, 1829, Mrs. Kennedy conveyed by donation, one half of the said tract of land to her sister in law, Mrs. Margaret Delia, widow of W. C. Withers.

The judge *a quo*, considering the evidence doubtful, as to the minority of Mrs. Kennedy, at the time the act of donation was passed to her by her brother, decided that if it were admitted she was not then of the age of twenty-one years, it was in his opinion unnecessary that the acceptance should be made by her curator.

Judgment having been rendered for the defendants, the plaintiff appealed.

*J. Slidell*, for plaintiff and appellant, contended as follows: The act of donation is null. 1, As containing a sub-

EASTERN DIS.
*March,* 1834.

DUPLESSIS
*vs.*
KENNEDY
ET ALS.

stitution reprobated by law. 2, As having been made to a minor, unassisted by her tutor. 3, Because there is no express acceptance of the donation.

If the acts contain substitution, or if all the formalities of law have not been observed, it is a nullity. The formalities required for the validity of donation *inter vivos* are *strictissime juris,* as much so as in testamentary dispositions, property can neither be acquired or disposed of gratuitously in either way, but in the forms established by the Code. See *art.* 1453. On comparison of this article with the corresponding one of the *Code Napoleon,* 892, it will be observed that the prohibitions of our law are much more rigid and comprehensive.

Whatever is done in contravention of a prohibitory law, is void, although the nullity be not formally directed. *Code, art.* 12.

The Code as regards gratuitious dispositions, makes no distinction between donation *inter vivos* or *mortis causa;* by reference to the heading of the 1*st chapter of title* 2, it will be seen that all the general provisions apply to donations of every kind. This court, in conformity with the jurisprudence of France and Spain, and indeed of all countries where the civil law prevails, has repeatedly decided, that in matters of testament, the minutest and formalities must be observed. *Batlemy* vs. *Oscar,* 12 *Martin,* 644. *Pizentot* vs. *Mullenshein,* 3 *Martin,* 144. *Knight* vs. *Smith,* 3 *Mart.* 163.

Substitutions and *fidei commissa* are prohibited. *Art.* 1507.

The right of return can be stipulated for the donor alone. *Art.* 1521.

The policy of the prohibition and the motives of the legislator, have been correctly stated by the court in the case of *Arnaud* vs. *Tarbe,* 4 *La. Rep.* 505, and this case presents all the evils which the law was intended to remedy. Confusion and difficulty of title, derangement of the order of succession, incapacity of alienation. To whatever period the life of the donee may be prolonged, no sale of the property can be made, for until then it cannot be ascertained whether the condition on which the property is to revert to the heirs of Withers, exist or not. See *Dalloz,* 24 *vol. pages* 389, 394, 417, 423,

EASTERN DIS
*March,1834.*

DUPLESSIS
*vs.*
KENNEDY
ET ALS.

429, 430, 432.   *Toullier, lib.* 5, *No.* 13, 32, 35, 36, 37, 48, 50, 51. *No.* 287.   *Grenier, Traite des Donations, vol.* 1, *page* 119, 122.   See, also, *Farra* vs. *M'Cutcheon,* 4 *N. S.* 50.

The nullity affects the entire donation, the institution as well as the substitution. *Toullier, 5th vol. No.* 13.   24 *Dalloz, lis. Emst* vs. *Vander Heyden, p.* 415.   24 *Dalloz, lis. page* 472. 24 *Dalloz, lis. Dufen* vs. *Cottera, p.* 435, *Cour de Paris.* 24 *Dalloz, lis. Dickenn* vs. *Montigu, p.* 436, *Cour de Paris.*

The clause of return in favor of the heirs of the donor, contains a substitution prohibited by law. 24 *Dalloz, lis. p.* 456, 7. 24 *Dalloz, lis. Bourgenjuan* vs. *Hassel, p.* 484. *Guiraud* vs· *Bogiers, Sirey* 1827, 2 *par. p.* 68, 71.

The donation is null, having been made to a minor, and not having been accepted by a tutor or curator. *Code,* 1533. Tutor may accept donation, *art.* 349.   See *Dolloz vol.* 10, *p.* 139, 140, 141. *Grenier, ltb.* 1, *p.* 176, 184, *No.* 60, 66. *Dalloz, lib.* 10, *p.* 155. *Buckier* vs. *Buckier, Court of Cassation,* 1816. *Sirey,* 1830, *par.* 2, *Mirch* vs. *Mirch, p.* 465, 300. *Sirey,* 1830, *par.* 1, *Linchet* vs. *Chissig, p.* 8.

Minors are not entitled to relief for want of acceptance, only have recourse against their curators. *Code, art.* 1545. *Delvincourt,* 2 *lib. p.* 258.

Donation is void, because not accepted in precise terms. *Civil Code.* 1527.   It may be accepted by posterior act, during life time of donor, but then he must be notified of it. *Art.* 1527·   The mere formal phrase contained in every notarial act, "present and accepting," is not such an acceptance as the law requires.   See *Dalloz, lib.* 10, *p.* 131, 134. *Delvincourt,* 2 *lib. p.* 255.   *Grenier, lib.* 1, *p.* 175, *No.* 5.

It is void because not registered according to law. *Code, art.* 1541, 3, 4.

The provisions of the French law on the subject of gratuitous dispositions, are much less rigorous than those of our *Code,* and give much greater latitude for the disposition of property.   See *cap.* 6, 2, *tit.* 3, *L. Napoleon Code.* " *Des dipositions en faveur des petits enfans du donateur ou testateur ont des enfans de ses frères et sœurs;*" and others, which, in conformity with the spirit of our legislation, have not been adopted by the framers of our *Code.*

EASTERN DIS.
March, 1834.

DUPLESSIS
vs.
KENNEDY
ET ALS.

*Conrad,* on the same side, contended that:

The court *a   qua,* erred in rejecting the dispositions of the sisters of the parties. *Phillips, on Evidence, vol.* 1, *p.* 37, 38, 222, 232, 233. *Starkie, on Evidence, vol.* 2, *p.* 746, 781, 782, *Interested Witnesses. Martin's Reports,* 4 *N- S.* 338, 539, 5 *N. S.* 131.

The minority of the defendant, at the time of the exc-cution of the act of donation, is fully made out, and the act is null for want of a proper acceptance. *La. Code, art.* 349, 1527, 1529, 1531, 1533, 2537, 1545. *Aicard, Traité des Donations, vol.* 1, *p. Domat, vol.* 1, *tit.* 10, *sec.* 1, *p.* 302. *Le Nouveau Furgole, vol.* 2, *p.* 611. *Merlin, Répertoire Verbis Mineur, p.* 7, *et Donation, p.* 4, *sec.* 4. *Grenier, Traité des Donations, vol.* 1, *No.* 61, *p.* 215 à 227. *Sirey. vol.* 12, 1 *p.* 400, *vol.* 17, 1. 114. *Favard de Langlade, vol.* 2, *p.* 193- *Biret, Traité des Nullités, vol.* 1, *p-* 246.

The article 1785, is not applicable to *donations. Grenier, vol.* 1, *No.* 61, *p.* 221. *Toullier, vol.* 5, *p.* 5 *et* 6. *Delvincourt, vol.* 2, *p.* 72 *et* 258, and compare *art.* 1784 of our Code with *art.* 1739 *and* 1456, also 1506 with 2026.

The act contains a substitution. *La.   Code, art.* 1506, 1521. *Ricard, Traité des Donations,* 2 *p.* 223.

The person substituted, need not be named in the act, nor indeed be known or in existence at that time. *Ricard, vol.* 2, *ch.* 8, *sec.* 2, *p.* 1 *et* 335. *Pothier, Traité des Substitutions, sect.* 111, *p.* 575. *Toullier,* 5, *No.* 36, and the prohibition, applies to conditional substitutions. See a decision of the court of Rouen, quoted in *Domat, annoté,* 2 *p.* '765.

Cases similar to the one in the present act, have been decided in France, to include a donation. *Grenier, Traité des Donations, vol.* 2. *Toullier,* 5, *No.* 48. *Grenier, Traité des Donations, vol.* 28, *p.* 176 à 189. *Delvincourt, Cours du Code Civil* 2 *o.* 77, 278. *Merlin, Rep. Verb. Subst. Fidecom, sec.* 1, *par.* 14, *p.* 1056. *Questions de Droit, eodem verbo sec.* 4. *Sirey, vol.* 23, *p.* 1, 310 à 312. *Dalloz cited by Sirey.* 4 *La. Rep. p.* 502. *Arnaud* vs. *Tarbe et al.*

The donation is null for want of registering. Article 1541, 1541, 1543.

EASTERN DIS.
*March*, 1834.

DUPLESSIS
*vs.*
KENNEDY
ET ALS.

*Mazureau, Grymes* and *Eustis, contra.*

*J.* and *D. Seghers,* on the same side, relied on the following points and authorities.

1. A donation may be accepted by a minor, without the assistance of his tutor or curator. *Non debet adversus pupillos observari quod pro ipsis excogitatum est.* 5 *Toullier,* 1st ed. p. 232, 233, *Nos.* 195, 196. 8 *Duranton, p.* 474, *No.* 437.

2. The plaintiff's allegation of the donee's minority, is unsupported by the evidence.

3. A donation cannot be said to contain a substitution, when it does not *necessarily* comprehend a charge to keep for and transmit to a third person. *Farrar* vs. *McCutcheon,* 4 *Martin's Rep. N. S.* 47. 5 *Toullier, p.* 75, *Nos.* 50, 51. 8 *Duranton, p,* 68, *No.* 70.

4. In the following sentence: "shall become the property of Withers and his heirs;" these words "and his heirs," are mere surplusage ; *(sont de style.) Pothier, vol.* 5, *p.* 498. 4e. *édition, Traité des Substitutions.*

5. In order to contain a substitution, according to *Toullier,* the sentence ought to have read thus: "In case said Withers should die before his sister, then the right of reversion is hereby stipulated in favor of his, said Withers' heirs:" which has not been done. On the contrary, the following clause speaks of the consent to be given by Withers *alone,* to destroy, in favor of third persons, the effect of this right of reversion. *Merlin's Répertoire, vol.* 12, *4th ed. p.* 64, *ar.* 2, *in fine.*

6. The principle concerning substitution, cannot be applied to a right of reversion. *Sirey, vol.* 23, 1*st part., p.* 309, *Les frères St. Arroman.*

7. The principle that a minor can always better his condition, is admitted both in French legislation and in our own; and the persons who have treated with him, cannot plead the nullity of the agreement; especially if the minor, when of age, has ratified the donation by disposing of a part of the property. *Old Code, p.* 265, *art.* 25. *New Code, art.* 1785. 8 *Pandectes Français, p.* 404, 405. *Nouveau Pothier, Donations, vol.* 2, *p.* 228.

8. According to the French Code, the tutor must accept with the advice of a family meeting, the donation made to

his minor, even should his ward be above the age of puberty.

By the *Louisiana Code, arts.* 349, 361 and 1533, the consent of the family meeting is not required, but the tutor or curator, as the case may be, is bound to accept, if in his opinion, the donation be advantageous to his ward. The reason why, in both codes, the intervention of the tutor or curator is deemed useful, though not absolutely necessary, can be very easily accounted for. It is in order, 1, To make the donation binding on the minor as if he were of age; and 2, To make the guardian answerable for the want of acceptance, should the minor, though above the age of puberty, omit to accept the donation. "Remarquez que la loi dit que la donation doit être acceptée par le tuteur. C'est une obligation qu'elle lui impose. Il suit de là, que, si la donation faite à un mineur pubère, mais non émancipé, devient caduque, faute d'acceptation, il a contre son tuteur, une action pour être indemnisé de tout le préjudice qu'il éprouve."

"Le mineur émancipé n'a pas la même action contre son curateur, pour le défaut d'acceptation, parceque la loi ne l'en charge pas." 1 *Commaille, Traité des Donations, No.* 20, *p.* 33.

"Pour que la donation faite au mineur eût à son égard le même effet qu'elle aurait à l'égard du majeur, article 463, la loi a jugé utile de prescrire au tuteur de ne l'accepter que d'après une délibération du conseil de famille, pour juger si à raison des charges sous lesquelles elle serait faite, elle est ou non avantageuse au mineur. C'est pour cela que l'article 935 dit que la donation faite au mineur non émancipé devra être acceptée par son tuteur, conformément à l'article 463; ce qui veut dire que le tuteur ne pourra l'accepter qu'autant qu'il y serait autorisé par une délibération du conseil de famille, ainsi que le porte formellement cet article ainsi conçu: "La donation faite au mineur ne pourra être acceptée par le tuteur, qu'avec l'autorisation du conseil de famille. Elle aura à l'égard du mineur, le même effet qu'à l'égard du majeur."

"Mais ces précautions sont prescrites dans l'intérêt du mineur ,et *non* dans celui du donateur, &c., &c." 8 *Duranton, p.* 475.

EASTERN DIS,
M rch, 1834.

DUPLESSIS
vs.
KENNEDY
ET ALS.

DUPLESSIS
*vs.*
KENNEDY
ET ALS.

9. Even supposing, for argument's sake, that the donor, in this, case, intended to make a substitution, yet it is not such a substitution as is prohibited by the code. The donor's consent was required for no other purpose than to secure third persons against the right of reversion. *La. Code, art.* 1521, 1522. *Le Clercq, Droit Romain, vol.* 3, *p.* 434, 435.

10. The donee was at liberty to alienate the property given to her. "Je donne mes biens à Paul, pour en disposer en toute propriété et comme bon lui semblera, mais à la charge, s'il n'en a point disposé avant sa mort, de rendre à mes héritiers ce qui pourra encore exister de mes biens. Cette disposition est valide, parcequ'elle ne contient point l'un des caractères essentiels des substitutions prohibées, *la charge* de conserver; elle ne tombe pas sous la prohibition de l'article 896." *Toullier, vol.* 5, *No.* 38, *p.* 62 *et* 53, 1ère. *éd.* voyez aussi *Toullier, vol.* 5, *p.* 25, *Nos.* 21, 22.

"Et pourquoi cela? pourquoi le code exige-t-il pour la frapper de nullité, qu'une disposition contienne la double condition de *conserver et de rendre?* par des motifs d'une profonde sagesse.

"Les substitutions graduelles, les substitutions avec charge de *conserver* ont été proscrites par un grand motif d'intérêt public. Mais dégagées de la charge de conserver, les substitutions n'ont plus *aujourd'hui* aucun de ces inconvéniens. Elles ne retirent point les biens donnés du commerce; le fiduciaire peut les vendre ou les donner; Illes n'exposent point ses créanciers à perdre; car, à sa mort, ces biens, qu'il pouvait aliéner, deviennent le gage de ses créanciers. S'il pouvait les vendre, il pouvait à plus forte raison, les hypothéquer. Ainsi les substitutions dégagées de la charge de la charge de conserver, n'ont aucun des inconvéniens jtstement reprochés aux substitutions graduelles, et qui les ont fait proscrire." *Toullier, supplément à la* 1ère. *édition, additions au No.* 38 *du tome cinquième.*

It results manifestly from the words: "as if this donation had never "been made" that the right of return was intended to be limited to *the donor alone.* 1 *Martin's Rep. N. S.* 539, *Southworth* vs. *Bowie. Sirey, vol.* 2 23. 1 *Part. p.* 309, *Les Frères St. Aroman.*

EASTERN DIS.
*March*, 1834.

DUPLESSIS
*vs.*
KENNEDY
ET ALS.

BULLARD, J., delivered the opinion of the court.

On the 14th June, 1828, William C. Withers, by act before notary, made a donation to his sister Sarah Ann Withers, of a certain lot of ground. The donee is declared by the notary to have been present and accepting, and she signed the act. Both parties appear to have acted as persons of full age.

The clause of the act containing the conditions and limitations of the donation is in the following words. "To have and to hold the said lot of ground and premises with the appurtenances unto the said Sarah Ann Withers, her heirs and assigns, by title of donation *inter vivos* upon this condition, that if the said Sarah Ann Withers shall die without leaving children, or descendants of her children at the time of her decease, that then in that case, the said lot of ground and premises shall revert to and become the property of the said William C. Withers and his heirs, as if this donation had never been made, but it is hereby declared and understood, that the said lot of ground and premises, and all improvements that may be hereafter made thereon, or any part thereof, may be sold and disposed of by the said donee, S. A. Withers, during her life time, with the consent and concurrence of the said William C. Withers the donor."

Withers, the donor, died in 1829, leaving a will written and dated in 1823, by which he bequeathed the whole of his estate in equal portions to his wife, and his sisters Sarah Ann Withers and Margaret Withers.

After his death, Sarah Ann Withers made a donation of one undivided half of the lot in question, to the widow of the donor. This suit is instituted by one of the legatees of the donor against the other two, claiming her share of the lot in question, as a part of the estate bequeathed, and alleging the nullity of the donation made to Sarah Ann Withers, on two grounds. 1. Because the donation was not accepted; alleging that the donee was a minor above the age of puberty at the time the act was passed, and should have accepted

DUPLESSIS
*vs.*
KENNEDY
ET AL.·

Unless the ground of objection to the testimony of a witness admitted in evidence on the trial, be stated in the bill of exceptions, the Supreme Court cannot examine the objection.

It is not sufficient to object generally that the evidence is not the best, it must be shown either from the nature of the fact to be proved or otherwise, that there is better evidence behind in the power of the party.

Testimonial evidence to prove the age of a person is admissible, unless it is first shown that there exists a record of births or other written evidence.

Where the judgment of the inferior co irt was not given on the question of fact contested by the pleadings and this is not complained of by the parties the Supreme Court will not examine the correctness of a decision of the judge *a quo* rejecting the deposition of a witness.

the same with the assistance of a curator, which she did not
2· Because said act contains a substitution.

On the trial below, the defendant's counsel offered certain witnesses to prove declarations of William C. Withers, as to the age of the defendant Sarah Ann Withers. The witnesses were sworn and the plaintiff took a bill of exceptions. But it does not appear from the bill of exceptions on what specific ground the evidence was objected to. It is much too vague to enable the court to say that the judge *a quo* erred in admitting the testimony of the witnesses.

The admission of the deposition of Henry Crist was also objected to on the ground that it was not the best evidence of the facts intended to be proved thereby; and a bill of exceptions was taken to its admission by the court. It is not enough to allege generally, that the evidence is not the best; it must be shown that either from the nature of the fact to be proved or otherwise, that there is better evidence behind in the power of the party. If the fact to be proved was the age of Sarah Ann Withers, which we can ascerta n only by inspecting the deposition itself, then testimonial evidence would be admissible, unless it is first shown that there exists a record of births or other written evidence. We cannot say that the court below erred in admitting the deposition.

It is not necessary to notice a third bill of exceptions in the record taken to the ruling of the District Court in rejecting the depositions of some sisters of the donee, which were objected to on the ground of their interest in the cause. The District Court did not decide on the question of fact contested by the pleadings, to wit, the minority of the donee. This is not complained of by the parties and the court is called on to review the judgment, such only as was appealed from. The admission or rejection of the evidence in question could not have any influence on the decision of the questions of law presented to this court.

I. Assuming therefore, as has been assumed in the argument on both sides, that in point of fact, Sarah Ann Withers was a minor at the time, above the age of puberty, the question presented for the consideration of the court on this

part of the case is, whether her acceptance without the assistance of a curator be sufficient in law to bind the donor, or whether her want of capacity to contract alone, renders the whole radically and absolutely null in relation to both parties.

EASTERN DIS.
*March*, 1834.

DUPLESSIS
*vs.*
KENNEDY
ET AL.

On this point numerous commentators, as well on the ancient jurisprudence as the modern legislation of France, have been cited. They range themselves into two distinct schools; the one contending, that in cases of donation *inter vivos*, it is essential to its existence, that both parties should be capable of contracting, and should give their assent in the forms required by law, that without it neither party is bound, and that the nullity resulting from such incapacity is absolute. The other maintaining, that minors above the age of puberty are capable of bettering their condition by every form of contract; and that he who contracts with such minor is bound, although the minor himself may avail himself of his want of capacity; in other words, that the nullity is only relative. Fortunately this court is not called on to reconsider these discrepancies, nor to declare which of these two systems is most consonant to the Code of France. It is rather our duty to inquire what is the legislative will in this state on this controverted point.

Our Code declares, *art.* 1785, that "the persons who have treated with a minor, a person interdicted, or of insane mind, or with a married woman, cannot plead the nullity of the agreement, if it is sought to be enforced by the party, when the disability shall cease, or by those who legally administer the rights of such persons during the disability."

Does this principle apply to the case before the court? It is earnestly contended that it does not, and that donations *inter vivos*, form an exception to the general rule.

Let us examine the extent of this principle so far as it can be learned by reference to the subject matter treated of in that part of the Code.

The preliminary title to the third book of the Code of the different modes of acquiring the property of things, declares "that the property of things or goods is acquired by inheri-

DUPLESSIS
*vs.*
KENNEDY
ET AL.

Whenever property is acquired by the effect of obligations, those obligations except such as are created by operations of law, result from the agreement of parties, which is essentially a contract.

tance, either legal or testamentary; by the effect of obligations and by the operation of law." *Louisiana Code, art.* 866.

Now, whenever property is acquired by the effect of obligations, those obligations, except such as are created by operation of law, result from the agreement of parties, which is essentially a contract. And indeed it is declared, that in relation to the motive for making the contract are either gratuitous or onerous. *Louisiana Code,* 1665, 1753.

These principles are established in title four of the third book, which treats of conventional obligations.

Among the general principles relating to this subject, we find the following: "Contracts in general under whatever denomination they may or may not be included in the above division are subject to certain rules which are the subject of this title. *Art.* 1770. On the next chapter of the law title, the code proceeds to treat of the parties to a contract, and their capacity to contract, and it declares "that all cases of incapacity are subject to the following modifications and exceptions." *Louisiana Code, art.* 1776. Among those modifications and exceptions is the one first recited, *art.* 1785, that he who has treated with a person incapable of contracting, cannot plead the nullity of the agreement.

It is difficult to conceive a principle more broad, more directly applicable to all matters of convention, by which property may be acquired. And referring to the relative capacities of contracting parties. It must be decisive on this question unless there should be found something under the particular head of donations *inter vivos* which controls and limits it.

It is urged by the counsel for the appellant, that *art.* 1523 of the Code, takes this case out of the general rule. "An act shall be passed before a notary and two witnesses of every donation *inter vivos,* of immovable property, of slaves or incorporeal things, such as rents, credits, rights on actions, under *pain of nullity.*

Undoubtedly an act of donation of immovables under private signature, would be null. The Code requires a higher solemnity. But here is an act passed before a notary

EESTERN DIS.
March, 1834.

DUPLESSIS
vs.
KENNEDY
ET ALS.

and two witnesses. The Code does not require both parties to give their consent by the same notarial act, on the contrary, it expressly authorises the acceptance by a subsequent act; suppose the donor alone had appeared and signed the act? would it have been null for want of form? He might have retreated before acceptance; but surely the form as to him would have been sufficient to bind him. The argument of the plaintiff's counsel supposes that you may look beyond the instrument to decide upon its form. After all it is a question of capacity. But it is contended that as the parties joined in the same act, they must signify their assent in the manner pointed out by the Code, and if they have not, the whole is null; and that a donation is binding only from the day of its being accepted in precise terms. *La. Code, art.* 1527, and 1533.

*If the donor alone appeared before the notary & signed the act of donation, it is not null for want of form.*

This last article declares that a minor arrived at the age of puberty *must accept* under in the authorisation or with the concurrence of his curator. But this clause is not prohibitory so as to impart a nullity, if contravened, nor is the pain of nullity expressly declared. If it had been the intention of the legislature to amend a notarial act, on the ground that one party had not given his assent in the manner directed by law, in order to make the agreement binding on him, it would have added to this article the penalty of nullity.

*The words "must accept" in article 1533 of the Louisiana Code, are not prohibitory so as to import a nullity if contravened, nor is the pain of nullity expressly declared.*

The acceptance to bind the donor must be made in precise terms, and binding form of expression, which shows that the parties understood each other as to the thing given, and the conditions and charges annexed to the donation, is, in our opinion, sufficient. The words "present and accepting," followed by the signature of the parties in the present case, seems to us sufficiently precise.

*Any form of expression which shows that the parties understood each other as to the thing given, and the conditions and charges annexed to the donation is sufficient.*

Such was incontestibly the Roman law on this subject. "Obligari ex omni contractu pupillus sine tutoris auctoritate non potest. Adquirere autem sibi stipulando, et pen traditionem aecipiendo, etiam sine tutoris auctoritate potest. *Digest, b.* 26, *t.* 8, *l.* 9. *Institutes, b.* I, *t.* 21.

It was adopted in Spain, at least as early as the publica-

EASTERN DIS.
March, 1834.

DUPESSIS
vs.
KENNEDY
ET ALS.

tion of the Partidas. *Partida*, 6. *t.* 16, *l.* 17. *Gomez, variœ Res. chap.* 4, *de Donatione.*

It would appear, also, from some of the authorities relied on by the plaintiff, that the same principle was recognised in France, at least in the provinces governed by the written law, and previous to the ordinance of 1731.

A minor above the age of puberty, may even without the concurrence of a curator, better his condition by accepting a donation.

The court is of opinion that the Louisiana Code has not abrogated this provision of the Spanish law, and that minors, above the age of puberty, and without the concurrence of a curator, may better their condition by accepting a donation.

II. The second ground of nullity alleged, is, that the act contains a substitution. It seems to be conceded in the argument, that the expressions in the above contract " to the said Sarah Ann Withers, her heirs and assigns," does not amount to a substitution. Indeed the authorities are clear on that point. *Pothier on Substitutions, sec.* 2, *art.* 1.

It is, however, contended, that a disguised substitution results from that clause which stipulates that the property shall revert to and become the property of the said William C. Withers, *and his heirs*.

This court has already decided in more than one case, that wherever it necessarily results from the language of the instrument, that a substitution was intended, its entire nullity must be pronounced. That it is of the essence of a substitution, that the original donee should be bound by the terms of the donation, to preserve the property given, for, and transmit it to another person or class of persons, which persons are appointed to take after the original donee, *ordine successivo*, and in derogation of the legal order of succession; that it is, in fact, an attempt to control the transmission of property, after the title, transferred from the donor, and to give it a direction different from what the law would give it. 5 *Toullier, No.* 21, *and Sey, Arnaud* vs. *Tarbe.* 4 *Martin, N. S. p.* 45.

The principles relating to a substitution results from the terms used in creating the donation, or under the disguise of a stipulated return.

These principles equally apply whether the substitution results from the terms used in creating the donation, or under the disguise of a stipulated return. If there lurks a real substitution in the condition of return, as expressed by the

parties, its absolute nullity must be declared. But if, on the contrary, while stipulating a return to himself, which he had a right to do, the donor has stipulated it in favor of another at the same time, and yet not as in terms importing essentially a substitution, the stipulation of return to himself may subsist, and that part only be declared null, which contravenes the prohibition of the Code. Such, according to our understanding, is the construction of the 12th article of the Code, which pronounces the nullity of what has been done in contravention of a prohibitory law. The nullity cannot be extended; on the contrary, the special prohibition of a substitution extends the nullity to all the parties concerned. The single question, therefore, is: does this clause present necessarily a substitution? To ascertain the intention of the parties, the whole instrument must be taken together. Among other things it was agreed that the donee should be always at liberty to alienate the property with the consent of the donor. How then can he be said to be bound to preserve it for his heirs? If the heirs had been designated to take in default of the donor, or perhaps if the disjunctive had been used, there would have been a second class of persons appointed to take *ordine successivo* directly from the donee, and it might have amounted to a substitution. But unless a contrary construction involves an absurdity, we are bound to adopt it. When the expression "shall revert to and become the property of the said William C. Withers, and his heirs," is coupled with what follows, " *as if this donation had never been made,*" we may well infer that the donor only intended to express the title in perpetuity, which would revert to himself and from him descend to his heirs. If he intended that the property should first return to himself, then his declaring that it should go to his heirs, would not be a charge on the donee to preserve for his heirs, because the very fact of its going to the heirs, is based on the condition that her title is divested before its return to him; and, therefore, such a declaration would amount to nothing more than a limitation of his own power to dispose of the property after its reversion to himself, which would be wholly nuga-

DUPLESSIS
*vs.*
KENNEDY
ET ALS.

turn; and if there lurks a real substitution in the condition of return as expressed by the parties, its absolute nullity must be declared.

If while the donor stipulates a return to himself, he stipulates it in favor of another at the same time, and yet not in terms importing essentially a substitution, the stipulation of return to himself may partially be declared null which contravenes the prohibition of the code.

tory.   The heirs in that case would take as such, and not as persons substituted to the original donee, and in virtue of this act of donation.   Upon the whole, the court cannot discover in this act the essential characteristic of a substitution.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.